PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT P. NYITRAY, | ) | |
| | ) | CASE NO. 5:15CV01792 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** [Resolving ECF No. 18] |

After a hearing held on March 30, 2015, an Administrative Law Judge ("ALJ") denied Plaintiff Robert P. Nyitray, Jr.'s claim for disability insurance benefits ("DIB"), finding that he was not disabled within the meaning of the Social Security Act. That decision became the final determination of the Commissioner of Social Security when the Appeals Council denied the request to review the ALJ's decision. Plaintiff sought judicial review of the Commissioner's decision, and the Court referred the case to Magistrate Judge Kenneth S. McHargh for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1). After both parties filed briefs, the Magistrate Judge submitted a Report recommending that the Court affirm the Commissioner's decision that Plaintiff is not disabled. *See* ECF No. 17. Plaintiff filed Objections to the Report and Recommendation. ECF No. 18. The Commissioner filed a response to Plaintiff's Objections. ECF No. 19. For the reasons that

(5:15CV01792)

follow, Plaintiff's Objections are overruled and the Court adopts the Report and Recommendation of the Magistrate Judge.

## I.

When the magistrate judge submits a report and recommendation, the court is required to conduct a *de novo* review of those portions of the report and recommendation to which an appropriate objection has been made.  28 U.S.C. § 636(b).  Objections to the report and recommendation must be specific, not general, in order to focus the court's attention upon contentious issues.  *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  The primary issue then becomes whether substantial evidence supports the Commissioner's decision.  The court's review of the Commissioner's decision is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the ALJ.  See *Bartyzel v. Comm'r of Soc. Sec.*, 74 F. App'x 515, 522 23 (6th Cir. 2003) (discussing the standard of review a district court should apply when reviewing a Social Security disability determination (citing *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978))).  Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance.  See *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009) (quoting *Perales*, 402 U.S. at 401).

"[I]f the [ALJ's] decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also

2

(5:15CV01792)

supports the opposite conclusion." *Sullivan v. Comm'r of Soc. Sec.*, 595 F. App'x. 502, 506 (6th Cir. 2014) (quoting *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). This standard "allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). In determining whether substantial evidence supports the ALJ's findings, however, the court must examine the record as a whole and take into account what fairly detracts from its weight. *Conner v. Comm'r of Soc. Sec.*, No. 16-5175, --- F. App'x. --- , 2016 WL 4150919, at *4 (6th Cir. Aug. 5, 2016) (quoting *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990)). The court must also consider whether the Commissioner employed the proper legal standards. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

To establish disability under the Social Security Act, a claimant must show that he is unable to engage in substantial activity due to the existence of "a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months." *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Pertinently, "If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration

3

(5:15CV01792)

requirement, the claimant is disabled." *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 652 (6th Cir. 2009); 20 C.F.R. § 404.1520(a)(4)(iii).

## II.

Plaintiff lodges two Objections to the Report and Recommendation. *See* ECF No. 18. He asserts, "The Magistrate Judge erred by: 1) finding that the ALJ's analysis and weight provided to Dr. Benedek's opinion was supported by substantial evidence; and 2) finding that the ALJ was not required to clarify any perceived discrepancies regarding Dr. Benedek's opinion for a *pro se* claimant." *Id.* at PageID #: 603. The Court reviews the Objections *de novo*.

**A. Plaintiff's First Objection**

Dr. Benedek opined that Plaintiff met the criteria of listing 12.06 since 2010. *See* Transcript, ECF No. 11 at PageID #: 535. The ALJ assigned "very little weight" to Dr. Benedek's opinion, reasoning,

> [Dr. Benedek] cited only one piece of medical evidence to support her opinion- Dr. Magelby's consultative examination. She was apparently in a rush going through the evidence, because she did not indicate that she reviewed anything else. . . . Dr. [Benedek] is not an examining or treating source. She has never met the claimant. Her review of the record apparently only consisted of one exhibit. The exhibit she cited actually does not support a finding that listing 12.06 is met at all. Dr. Magelby's assessment, described above, is indicative of no more than moderate limitations overall. Greater weight is afforded to Dr. Magelby's explicit opinion based on an examination, than to Dr. [Benedek]'s distorted interpretation of it. Further, there is no evidence from 2010 through 2013. The claimant worked until 2013. The claimant's substantial gainful activity from 2010-2013 directly contradicts the opinion that he met a listing since 2010.

(5:15CV01792)

*Id.* at PageID #: 85.[1]

Plaintiff intones, "There is no evidence supporting the ALJ's claim that Dr. Benedek 'was apparently in a rush going through the evidence,' that 'she did not indicate that she reviewed anything else,' [or that] 'her review of the record apparently only consisted of one exhibit.'" Objections, ECF No. 18 at PageID #: 604. In support, Plaintiff cites that Dr. Benedek marked on the medical interrogatory form that she reviewed the evidence furnished to her. *See id.*; Transcript, ECF No. 11 at PageID #: 534.

Though it may have been presumptuous for the ALJ to surmise the amount of time Dr. Benedek dedicated to her review of Plaintiff's records, that does not render the ALJ's conclusions unsupported. The medical interrogatory form required Dr. Benedek to specify "[t]he earliest date the listing(s) is met or equaled and whether the listing continues to be met or equaled." Transcript, ECF No. 11 at PageID #: 535. The form also directed Dr. Bendek, "If you opine that the listing was met or equaled before the earliest evidence in the file, please provide an explanation below." *Id.* In response, as the ALJ noted, Dr. Benedek cited only to Dr. Magelby's consultative examination report, and she did so briefly and summarily. *See id.*

Moreover, Dr. Magelby's report does not comport with Dr. Benedek's finding that Plaintiff met listing 12.06. Dr. Magelby opined that Plaintiff's psychiatric conditions resulted in only mild to moderate limitations. *See id.* at PageID #: 513. Yet, to satisfy the criteria of listing 12.06, a claimant must have marked limitations, *i.e.*, limitations that are "more than moderate but

---

[1] The ALJ's opinion mistakenly refers to Dr. Benedek as "Dr. Bendict." *See* Transcript, ECF No. 11 at PageID #: 85.

5

(5:15CV01792)

less than extreme." *Id.* at PageID #: 77. And, as the ALJ notes, Dr. Benedek, unlike Dr. Magelby, did not examine Plaintiff. *See Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir. 2007) ("When evaluating medical opinions, the SSA will generally 'give more weight to the opinion of a source who has examined [the claimant] than to the opinion of a source who has not examined' her."); 20 C.F.R. § 404.1527(c)(1). These facts, alone, constitute substantial evidence in the record that supports the ALJ's decision to discount Dr. Benedek's opinion.

Plaintiff also contends that "[t]here is no evidence supporting the ALJ's claim that Dr. Benedek . . . had a 'distorted interpretation' of Dr. Magelby's examination." Objections, ECF No. 18 at PageID #: 604. He asserts that the ALJ incorrectly assumed that Dr. Benedek based her opinion on Dr. Magelby's report. *Id.* Instead, Plaintiff argues, "[Dr. Benedek] cited [Dr. Magelby's report] because of the statements Plaintiff made about his life experiences and his subjective complaints." *Id.* This argument, interpreting Dr. Benedek's unexpressed intention, is mere conjecture. As stated above, in response to the medical interrogatory form's directive that Dr. Benedek explain her findings, Dr. Benedek cited to Dr. Magelby's report. The only reasonable interpretation of Dr. Benedek's response to the inquiry is that she relied on Dr. Magelby's opinion to support her own. Moreover, even if true, Plaintiff's argument neither aids nor improves his claim. Assuming Dr. Benedek did not rely on Dr. Magelby's report to support her findings, then it would appear she did not rely on any of the evidence in the record before her — Dr. Magelby's report is the only evidence she cites. That conclusion equally lends itself to a finding that the ALJ had good reason to discount Dr. Benedek's opinion.

(5:15CV01792)

Plaintiff also asserts that the ALJ did not explicitly state that Dr. Benedek did not provide sufficient support for her opinion.  Objections, ECF No. 18 at PageID #: 605.  Rather, this is a "new reason" added by the Report and Recommendation, Plaintiff contends.  *Id.*  This argument is specious, if not disingenuous.  The ALJ stated, "[Dr. Benedek]'s review of the record apparently only consisted of one exhibit.  The exhibit she cited actually does not support a finding that listing 12.06 is met at all."  Transcript, ECF No. 11 at PageID #: 85.  The ALJ clearly determined that Dr. Benedek's opinion lacked sufficient support.[2]

The ALJ's findings regarding Dr. Benedek's opinion are supported by substantial evidence in the record.

### B.  Plaintiff's Second Objection

Plaintiff contends that he did not receive a full and fair review by the ALJ.  *See* Objections, ECF No. 18 at PageID #: 606.  Specifically, Plaintiff avers that because he proceeded as a *pro se* claimant, the ALJ should have "either sought clarification [as to Dr. Benedek's opinion] to make sure the record was fully developed, or [held] a supplemental hearing to express his concerns to the claimant of Dr. Benedek's findings and why he felt the opinion had short-comings."  *Id.* at PageID #: 607.

---

[2]  Plaintiff also contends, "[T]he ALJ's comments that the claimant worked in 2010 does nothing to detract from the claimant's impairments or Dr. Benedek's opinion as to the severity of those impairments."  Objections, ECF No. 18 at PageID #: 605.  The Court need not address this issue because the Court finds that the ALJ's remaining reasons for discounting Dr. Benedek's opinion are supported by substantial evidence in the record.  And, those reasons, alone, are sufficient to substantiate the ALJ's conclusion as to the appropriate weight to accord Dr. Benedek's opinion.

(5:15CV01792)

The claimant bears the burden of proving by sufficient evidence that he is entitled to disability benefits. *Nabours v. Comm'r of Soc. Sec.*, 50 F. App'x. 272, 275 (6th Cir. 2002). "Only under special circumstances, *i.e.*, when a claimant is without counsel, is not capable of presenting an effective case, and is unfamiliar with hearing procedures, does an ALJ have a special, heightened duty to develop the record." *Id.* (citing *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 856 (6th Cir. 1986); *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051 52 (6th Cir. 1983)). Even when the heightened duty exists, however, it does not result in a *per se* requirement that an ALJ re-contact a *pro se* claimant's medical sources to further scrutinize their opinions. Instead, there are "two conditions that must both be met to trigger the duty to recontact: [(1)] 'the evidence does not support a *treating source's* opinion . . . and [(2)] the adjudicator cannot ascertain the basis of the opinion from the record.'" *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 273 (6th Cir. 2010) (citing S.S.R. 96-5p, 1996 WL 374183 (July 22, 1996)) (emphasis added). To clarify, an ALJ is required to re-contact a treating source only when the bases for the treating source's opinion are unclear, not when the bases are simply not supported by objective evidence. *See id.* Ultimately, the ALJ's duty to develop the record is balanced against the fact that "[t]he burden of providing a complete record, defined as evidence complete and detailed enough to enable the Secretary to make a disability determination, rests with the claimant." *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 214 (6th Cir.1986).

It is undisputed that Dr. Benedek was not a treating source. Therefore, the ALJ did not have a duty to re-contact her. Even if Dr. Benedek were a treating source, the ALJ would not

8

(5:15CV01792)

have been required to re-contact her, because the ALJ does not indicate that he found the bases of Dr. Benedek's findings *unclear*. Rather, he determined that those bases were *insufficient* to support her findings. See Transcript, ECF No. 11 at PageID #: 85; *DeBoard v. Comm'r of Soc. Sec.*, 211 F. App'x. 411, 416 (6th Cir. 2006) ("Generally, an [ALJ] need recontact a medical source only if the evidence received from that source is 'inadequate' for a disability determination. A disagreement between two medical professionals does not render the opinion of one 'inadequate' under the regulations.") (citations omitted); *Daniels v. Astrue*, No. 09-21-GFVT, 2010 WL 599634, at *2 (E.D.Ky. Feb. 17, 2010) ("The duty to recontact is 'triggered when the evidence is insufficient to make an *informed* determination, not when the evidence is insufficient to make a *favorable* determination.") (citation omitted). Plaintiff's conclusory assertion that "[Dr. Benedek's] report obviously stirred questions and doubt within the ALJ"does not find support in the record. Objections, ECF No. 18 at PageID #: 607. The ALJ was not required to seek further clarification from Dr. Benedek regarding her findings.

Plaintiff fails to show that the ALJ did not meet its obligations in developing the record, or that Plaintiff was otherwise deprived of due process.

### III.

For the foregoing reasons, the Court overrules Plaintiff's Objections (ECF No. 18), and

9

(5:15CV01792)

adopts the Report and Recommendation (ECF No. 17).  Accordingly, the decision of the Commissioner is affirmed.

    IT IS SO ORDERED.

 September 14, 2016                    */s/ Benita Y. Pearson*
Date                                   Benita Y. Pearson
                                          United States District Judge